# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**CHICO WILLIAMS,**

    **Plaintiff,**

**v.**

                                      **No.** 2:19-cv-2522

**B'NAI B'RITH HOME AND HOSPITAL**
**FOR THE AGED, INC.,**

    **Defendant.**

## COMPLAINT

Comes now, Chico Williams ("Plaintiff"), by and through counsel, and brings this action against his former employer B'nai B'rith Home and Hospital for the Aged, Inc. d/b/a "Memphis Jewish Home & Rehab" ("Defendant" or "MJHR") under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid overtime compensation.  Plaintiff intends to amend this Complaint to add claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* upon receipt of his notice of right to sue.  In support of his complaint, Plaintiff would state as follows:

<u>PARTIES AND JURISDICTION</u>

    1.    Plaintiff is a male adult resident and citizen of Shelby County, Tennessee.

    2.    Defendant is an active Tennessee nonprofit corporation, which may be served with process via its registered agent Bobby Gene Meadows III, 36 Bazeberry Rd., Cordova, Tennessee 38018-7756.  Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an

"enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r) and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s).

3. Plaintiff is a former employee of Defendant and, at all times relevant to this litigation, performed services for Defendant in the Western District of Tennessee.

4. This Court has jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, the Court shall have jurisdiction over Plaintiff's Title VII claims once he receives his Notice of Right to Sue and amends this Complaint.

5. Venue is proper in this district and division as a substantial part of the events and omissions giving rise to this Complaint occurred within the Western District of Tennessee.

**FACTUAL SUMMARY**

6. Plaintiff brings this action on behalf of himself as authorized under 29 U.S.C. § 216(b).

7. Plaintiff began his employment with Defendant on or about August 7, 2017 in Defendant's Information Technology ("IT") Department. Plaintiff was a non-exempt employee under the FLSA in that he was not a computer systems analyst, computer programmer, software engineer or a similarly skilled worker in the computer field. At no time during his employment by Defendant did Plaintiff's job duties qualify him for FLSA's "computer employee" exemption or for any other exemption under FLSA.

8. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period,

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.  In addition to *permitting* Plaintiff to work these extra hours, Defendant routinely *required* Plaintiff to work at Defendant's office ten (10) to twelve (12) hours per day.  Additionally, every weekend, Plaintiff would be on-call for Defendant to perform additional services.  On several occasions, Plaintiff's supervisor taunted Plaintiff by bragging about how Defendant got "way more than forty hours per week" from Plaintiff.

9. The exact amounts of unpaid overtime compensation owed are not presently known to Plaintiff but will be determined through discovery.  At this juncture, Plaintiff estimates that he was deprived of overtime compensation of at least $45,000.

10. As a result of Defendant's actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. § 201 *et seq*., including but not limited to 29 USC § 207(a)(1), with respect to Plaintiff.  Thus, Plaintiff suffered a loss of wages.

11. Further, by failing to accurately record, report and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees, sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of FLSA, 29 U.S.C. § 201 *et seq*.

12. The foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

COUNT ONE – VIOLATION OF FLSA – OVERTIME COMPENSATION

13. Plaintiff incorporates herein by reference the allegations of the preceding numbered paragraphs.

14. Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. §§ 201 *et seq*, including but not limited to § 207(a)(1), with respect to Plaintiff.

15. As a result of Defendant's conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. That process issue and that Defendant be made to answer or otherwise respond to the allegations of the Complaint;

2. That Plaintiff be awarded judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

3. That Plaintiff be awarded judgment against Defendant that its violations of the FLSA were willful;

4. That Plaintiff be awarded judgment against Defendant for an additional amount equal to the overtime damages as liquidated damages;

5. That Plaintiff be awarded judgment against Defendant for all recoverable costs, expenses and attorney's fees incurred in prosecuting these claims;

6. That Plaintiff be granted leave to amend to add other defendants who meet the definition of "employer," 29 U.S.C. § 203(d);

7. An order from the Court requiring Defendant to preserve all electronically stored information relevant to this lawsuit;

8. That Plaintiff be awarded any other relief to which Plaintiff may be entitled.

**PLAINTIFF DEMANDS THAT THIS MATTER BE TRIED BY A JURY.**

Respectfully Submitted,


s/ Anthony C. Pietrangelo
PIETRANGELO SMITH PLC
Anthony C. Pietrangelo BPR # 15596
6410 Poplar Avenue, Suite 710
Memphis, TN 38119
901.685.2662
901.685.6122 (fax)
*acp@psmemphis.com*
**Attorneys for Plaintiff**